JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT, ESQ.
(908) 795-5129
Email Address: John.Bennett@jacksonlewis.com

OPEYEMI D. AKINDE, ESQ.
(908) 795-5213
Email Address: Opeyemi.Akinde@jacksonlewis.com

August 15, 2025

**VIA ECF**
Hon. Claire C. Cecchi, U.S.D.J.
United States District Court, District for New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re: Forde v. Floor & Decor Outlets of America, et al.**
**Civ. Action No. 2:25-cv-13757 (CCC) (JSA)**

Dear Judge Cecchi:

Defendants, Floor & Decor Outlets of America, Inc. ("F&D"), Tony Manto, Ira Yellin, Christa Carlucci and Ryan Walsh, respectfully submit this letter brief, in lieu of a more formal brief, in opposition to the motion filed by Plaintiff, Shivonne Forde, to remand this action to the Superior Court of New Jersey. For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's remand motion, as this action was properly removed to this Court based on its federal question jurisdiction, and Plaintiff fails to state any valid basis for remand.

## RELEVANT PROCEDURAL HISTORY

On May 21, 2025, Plaintiff filed a five-count Complaint against Defendants in the Superior Court of New Jersey, Law Division, Essex County. (D.E. No. 1 at Exhibit A.) On July 25, 2025, Defendants timely and properly removed this action to this Court based on its federal question

jurisdiction, pursuant to 28 U.S.C. §1441(a), §1446 and § 1331, as Plaintiff pled a claim under the federal Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq*. ("FMLA") (D.E. No. 1.) On July 30, 2025, Plaintiff filed this motion to remand (D.E. No. 6.) On August 8, 2025, Defendants filed a motion to compel arbitration under the parties' Arbitration Agreement, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and dismiss this action. (D.E. No. 7).

## LEGAL ARGUMENT

## POINT I

## THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND.

Defendants properly removed this action to this Court. Generally, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Specifically, 28 U.S.C. §1441(c)(1)(A) permits removal of a complaint to this Court based on the pleading of a "claim arising under the Constitution, laws, or treaties of the United States." See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936) (holding that federal jurisdiction exists where a federal question appears on the face of plaintiff's complaint); Caride v. Altman, 623 F. Supp. 3d 441, 455 (D.N.J. 2022) ("To find federal question jurisdiction, the federal question must be raised in the complaint, as a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). When analyzing a motion to remand, the Court focuses on the plaintiff's complaint "at the time the petition for removal was filed." Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987).

Plaintiff's Complaint unambiguously pleads a federal statutory claim under the FMLA, appropriate for this Court's federal-question jurisdiction. Contrary to Plaintiff's contention that the Complaint contains "no claim under the federal FMLA", Count IV of Plaintiff's Complaint, titled "**FMLA**/NJFLA Interference", claims that Defendants "**violated the federal Family Medical Leave Act**" by "misinform[ing] and discourag[ing] her from pursuing leave rights." (Compl., ¶¶ 29, 30) (emphasis added). Plaintiff's Complaint further states that Defendant F&D terminated Plaintiff's employment for "alleged time and attendance violations" after she "submitted documentation to support a valid leave request." (Id. at ¶¶ 6, 10.) Clearly, federal statutory law under the FMLA forms the basis for Count IV of Plaintiff's Complaint.

By pleading an FMLA interference claim against Defendants, Count IV of Plaintiff's Complaint requires the Court to undertake an in-depth analysis of the FMLA, making it a "necessary element" of Plaintiff's claim. Menoken v. McNamara, 213 F.R.D. 193, 194 (D. N.J. 2003). In order to plead a *prima facie* case of FMLA interference, a plaintiff must establish "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA." Ross v. Gilhuly, 755 F.3d 185, 191-192 (3d Cir. 2004). Thus, Plaintiff's "right to relief necessarily depends on [the] resolution of [a] substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

Despite conceding that federal question jurisdiction arises when "plaintiff's statement of her own cause of action shows that it is based on federal law" (Pl. Mov. Br., at 1), Plaintiff

attempts to mislead this Court by denying that her own Count IV, pleading "FMLA/NJFLA Interference," presents a claim under the FMLA. In support of this bewildering assertion, Plaintiff cites Bromley v. Jersey Urology Group, No. 1:21-cv-00325, 2021 WL 3884284 (D.N.J. July 13, 2021), and Connell v. New Jersey Turnpike Auth., 618 F. App'x 61, 63 (3d Cir. 2016), for the proposition that "mere citations" to federal law do not invoke federal jurisdiction. Unlike Bromley and Connell, however, Plaintiff's Complaint does not merely "reference" federal law "in some context"; rather, it asserts a direct claim under the FMLA. Plaintiff's Complaint devotes an entire count to "FMLA Interference," explicitly identifies the statute as "federal", and asserts that Defendants "violated" that federal statute by alleged "misinformation" regarding her "valid leave request" as unlawful under the FMLA. Although Plaintiff is the "master of her claim," even a cursory review of the Complaint reveals an unambiguous pleading of a claim that Defendants violated the FMLA. See Aguilar-Vaz v. Lantern Hill Inc., 2024 U.S. Dist. LEXIS 78382, *6 (D.N.J. April 30, 2024) (denying motion to remand where the plaintiff's complaint included a count under the "NJFLA/FMLA," as well as four state-law LAD claims).

Plaintiff's moving papers include certifications from Plaintiff's counsel, Constantine Bardis, Esq. (D.E. No. 6-2), and Plaintiff, Shivonne Forde (D.E. No. 6-3), both decrying the "unfairness" and "emotional hardship" to Plaintiff due to Defendants' removal having diverted Plaintiff from her chosen "home forum." Both certifications, however, fail to explain how this Court's Newark vicinage is somehow less "fair" to Plaintiff than her preferred Essex County venue. Moreover, both certifications fail to acknowledge that Plaintiff's chosen forum for her claims, pursuant to the parties' Arbitration Agreement that she entered into on November 3, 2023

as a condition of her employment, is arbitration, and not a lawsuit in any judicial forum. See D.E. No. 7, Defendants' Motion to Compel Arbitration and Dismiss the Action.

**A. This Court Has Supplemental Jurisdiction Over Plaintiff's Remaining Claims.**

In addition to FMLA interference (Count IV), Plaintiff's Complaint also claims retaliation under the LAD (Count I), race discrimination under the LAD (Count II), wrongful termination in violation of public policy (Count III), and hostile work environment under the LAD (Count V) in connection with her former employment with Defendant F&D. This Court has supplemental jurisdiction over Plaintiff's state law claims, because they are directly related to the operative facts underlying her federal FMLA claim. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (concluding that federal district courts have the power, through supplemental jurisdiction, to also hear a state-law claim if the state-law and federal-law claims "derive from a common nucleus of operative facts").

As all of the claims in Plaintiff's Complaint arise from her former employment relationship with Defendant F&D, her state-law claims share "a common nucleus of operative facts" with her federal FMLA claim, warranting this Court's supplemental jurisdiction.

**POINT II**

**THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES.**

Plaintiff's motion inappropriately seeks attorney's fees for its baseless remand motion. While a district court that remands a case to state court is permitted to award "just costs and any

actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. §1447(c), "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) **only where the removing party lacked an objectively reasonable basis for seeking removal**." Id. (emphasis added). A good-faith basis for seeking removal prohibits such an award. Costa v. Verizon N.J., Inc. 936 F. Supp.2d 455, 467-68 (D.N.J. 2015). Defendants' removal of this action to District Court was properly based upon this Court's federal-question jurisdiction, triggered by Plaintiff having pled a violation of the federal FMLA in Count IV of her Complaint, claiming "NJFLA/FMLA Interference."

Accordingly, Plaintiff cannot show that Defendants' removal lacked an "objectively reasonable basis" warranting attorney's fees, and her request for an award of fees must be denied.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion for remand and retain jurisdiction until such time that this action is compelled to arbitration.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
Attorneys for Defendants

By: *s/ John K. Bennett*
John K. Bennett, Esq.
Opeyemi D. Akinde, Esq.

cc: All counsel of record (via ECF)

4924-8674-3131, v. 3