LAW OFFICES OF CONSTANTINE BARDIS, LLC
1800 Main Street
Lake Como, NJ 07719
Attorney I.D.: 03756-1998
Tele: (732) 280-2500
Fax: (732) 280-1991
Attorney for Plaintiff Shivonne Forde

| | |
|---|---|
| SHIVONNE FORDE,<br><br>Plaintiff,<br><br>vs.<br><br>FLOOR & DECOR OUTLETS OF AMERICA, INC., TONY MANTO, IRA YELLIN, CHRISTA CARLUCCI, RYAN WALSH, and JOHN DOES 1-10,<br><br>Defendant | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>**Civil Action No. 25-13757 (CCC) (JSA)**<br><br>**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

# TABLE OF CONTENTS

1. Preliminary Statement
2. Point I: Explanation for Procedural Delay
3. Point II: Objection to the Magistrate Judge's Recommendation
4. Point III: Opposition to Defendants' Motion to Compel Arbitration
5. Point IV: Conclusion

# TABLE OF AUTHORITIES


**Statutes**

N.J.S.A. 10:5-12.7 …… 9

N.J.S.A. 10:5-1 et seq. (NJ Law Against Discrimination) …… 7

N.J.S.A. 34:11B-1 et seq. (NJ Family Leave Act) …… 7

Fed. R. Civ. P. 72(b) …… 4

Fed. R. Civ. P. 6(b)(1)(B) …… 5

9 U.S.C. § 3 (Federal Arbitration Act) …… 11

29 U.S.C. § 2601 et seq. (Family and Medical Leave Act) …… 7

28 U.S.C. § 636(b)(1) …… 4

**Cases**

Lloyd v. HOVENSA, LLC, 369 F.3d 263 (3d Cir. 2004) …… 11

Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1 (1983) …… 7

Caterpillar Inc. v. Williams, 482 U.S. 386 (1987) …… 7

Atalese v. U.S. Legal Servs. Grp., 219 N.J. 430 (2014) …… 9

**Preliminary Statement**

Pursuant to *28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)*, Plaintiff respectfully submits these objections to the September 16, 2025 Report and Recommendation ("R&R") of Magistrate Judge Allen, which recommended denial of Plaintiff's Motion to Remand and implicitly permitted Defendants' pending Motion to Compel Arbitration and Dismiss to proceed unopposed.

Plaintiff further clarifies that her previously filed Motion to Remand (ECF No. 6) and supporting submissions were intended to, and do, serve as substantive opposition to both (a) Defendants' removal and their opposition to remand, and (b) Defendants' motion to compel arbitration.

**I. Explanation for Procedural Delay**

Plaintiff respectfully explains her failure to file a separate, timely opposition brief to Defendants' Motion to Compel Arbitration:

1. PACER Access Issues: Beginning in mid-August 2025, Plaintiff's counsel's office was unable to access the PACER system due to password and login malfunctions, despite multiple support requests. This prevented counsel from reviewing docket activity and filing timely responses.
2. Medical and Travel Circumstances: In July 2025, counsel underwent shoulder surgery following a severe bicycle injury. Recovery was followed by scheduled international travel and vacation between August 7 and September 25, 2025, further complicating monitoring of the docket.

These circumstances constitute excusable neglect under *Fed. R. Civ. P. 6(b)(1)(B).* The short delay caused no material prejudice to Defendants, who had already fully briefed their motion, and Plaintiff has at all times acted in good faith.

**II. Objection to the Magistrate Judge's Recommendation**

The R&R erred in concluding that Plaintiff's Complaint raises a federal claim under the FMLA. Plaintiff's Motion to Remand argued that her claims arise under state law, and that any reference to the FMLA was descriptive rather than jurisdictional. Plaintiff expressly disavowed pursuing federal relief, choosing instead to rely on the NJFLA and NJLAD. Under *Caterpillar Inc. v. Williams, 482 U.S. 386 (1987),* she is master of her claim. Any ambiguity in removal must be resolved in favor of remand. This principle is reinforced by *Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1 (1983)*, which confirms that federal question jurisdiction must be clear on the face of the complaint.

**III. Opposition to Defendants' Motion to Compel Arbitration**

Even if jurisdiction were proper (which Plaintiff disputes), Defendants' arbitration motion should be denied:

1. Jurisdiction First: The Court cannot compel arbitration under the FAA absent valid subject matter jurisdiction.
2. Validity Concerns: The purported arbitration agreement has not been shown to clearly and unambiguously waive Plaintiff's right to court, as required under *Atalese v. U.S. Legal Servs. Grp., 219 N.J. 430 (2014).*
3. Public Policy: NJLAD expressly bars waiver of discrimination and retaliation claims (*N.J.S.A. 10:5-12.7*). While Defendants argue FAA

preemption, this sensitive issue should be addressed by state courts.

4. Improper Remedy: Even if enforceable, the FAA provides for a stay under 9 U.S.C. § 3, not dismissal. The Third Circuit has held that dismissal is improper; instead, the correct procedure is to stay the action pending arbitration. See *Lloyd v. HOVENSA, LLC, 369 F.3d 263 (3d Cir. 2004).*

**IV. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Sustain Plaintiff's Objections and decline to adopt the Magistrate Judge's R&R;
2. Grant Plaintiff's Motion to Remand this action to New Jersey Superior Court;
3. Deny Defendants' Motion to Compel Arbitration, or at minimum defer it pending resolution of jurisdiction; and
4. In the alternative, if arbitration is ordered, stay this action rather than dismiss.

Respectfully submitted,

Law Offices of Constantine Bardis, Esq., LLC

By: ***/s/:Constantine Bardis***

Constantine Bardis, Esq.

Attorney for Plaintiff

**CERTIFICATION OF COUNSEL**

I, Constantine Bardis, Esq., counsel for Plaintiff, hereby certify that the foregoing submission is true and correct to the best of my knowledge, information, and belief. I certify that this document has not been filed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and that the claims and defenses presented herein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

Dated: October 1, 2025

By: ***/s/Constantine Bardis***

Constantine Bardis, Esq.

Attorney for Plaintiff