JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOHN K. BENNETT, ESQ.
(908) 795-5129
Email Address: John.Bennett@jacksonlewis.com

OPEYEMI D. AKINDE, ESQ.
(908) 795-5213
Email Address: Opeyemi.Akinde@jacksonlewis.com

October 14, 2025

**VIA ECF**
Hon. Claire C. Cecchi, U.S.D.J.
United States District Court, District for New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re: Forde v. Floor & Decor Outlets of America, et al.**
**Civ. Action No. 2:25-cv-13757 (CCC) (JSA)**

Dear Judge Cecchi:

Defendants, Floor & Decor Outlets of America, Inc. ("F&D"), Tony Manto, Ira Yellin, Christa Carlucci, and Ryan Walsh (collectively, "Defendants"), respectfully submit this letter brief in lieu of a more formal brief in response to: (1) Plaintiff's Objections to U.S. Magistrate Judge Allen's September 16, 2025, Report and Recommendations ("R&R"); and (2) Plaintiff's Opposition to Defendants' Motion to Compel Arbitration and Dismiss this Action. For the reasons set forth herein, Defendants respectfully request that Your Honor accept the R&R and deny Plaintiff's motion to remand and request for attorney's fees. Additionally, Defendants respectfully request that this Court grant Defendants' motion to compel arbitration based on the parties' valid and enforceable arbitration agreement.

## RELEVANT PROCEDURAL HISTORY

### A. Motion for Remand

On July 30, 2025, Plaintiff filed a motion to remand this matter to the Superior Court of New Jersey, Essex County (D.E. No. 6). On August 8, 2025, Defendants filed an opposition to Plaintiff's motion to remand (D.E. No. 8). Plaintiff did not timely submit reply papers in further support of her motion, but instead filed a letter on September 12, 2025, asking the Court to "treat Plaintiff's prior opposition correspondence and submissions—including my detailed July 8, 2025 letter in opposition to removal, with incorporated citations and legal analysis—as Plaintiff's formal opposition to Defendants' Motion to Remove." (D.E. No. 10). On September 16, 2025, U.S. Magistrate Judge Allen issued a Report denying Plaintiff's request and recommending denial of Plaintiff's motion to remand and request for attorney's fees (D.E. No. 11).

### B. Motion to Compel Arbitration

On August 7, 2025, Defendants filed a motion to compel arbitration under the parties' Arbitration Agreement, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and dismiss this action (the "Motion") (D.E. No. 7). Plaintiff did not file any timely opposition to Defendants' Motion. Accordingly, on September 2, 2025, Defendants requested that this Court consider the Motion unopposed. (D.E. No. 9).

## LEGAL ARGUMENT

## POINT I

## THE COURT SHOULD OVERRULE PLAINTIFF'S OBJECTIONS AND ADOPT THE REPORT'S RECCOMMENDATION.

The Federal Rules of Civil Procedure provide that a party may file "specific" written objections to the proposed findings and recommendations of a magistrate judge, and a

district judge must conduct a *de novo* review of those portions of the R&R that have been "properly objected to." See Fed. R. Civ. P. 72(b).

On October 10, 2025, Plaintiff filed her Objections to the R&R ("Objections") (D.E. 14). Plaintiff dedicates less than half a page of her six-page submission to address the Report, and fails to identify portions of the R&R to which she specifically objects in accordance with the Federal Rules of Civil Procedure. Instead, Plaintiff offers non-specific objections to the R&R's findings, and reiterates her argument that Count IV of the Complaint, titled "FMLA/NJFLA Interference", somehow does not invoke federal law under the FMLA. Because Plaintiff has failed to make specific, supported objections to U.S. Magistrate Judge Allen's detailed R&R, the Court is not required to engage in *de novo* review of its recommendations. See, e.g., Snyder v. Bender, 548 F. App'x 767, 771 (3d Cir. 2013) (affirming district court's holding that, to extent party had failed to make specific objections to portions of R&R, Court was not required to engage in *de novo* review); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) (affirming district court's *de novo* review of Magistrate Judge's findings where plaintiff had offered only general objection to report, which lacked specificity required by 28 U.S.C. § 636(b)(1)). Further, because Plaintiff did not file proper objections to the R&R, this Court need only review the R&R for plain error. See Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011) (citing Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007)); see also Fed. R. Civ. P. 72(b) Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")

As concluded by the R&R, Defendants properly removed this action to this Court. Specifically, 28 U.S.C. §1441(c)(1)(A) permits removal of a complaint to this Court based on the

pleading of a "claim arising under the Constitution, laws, or treaties of the United States." See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936) (holding that federal jurisdiction exists where federal question appears on face of plaintiff's complaint); Caride v. Altman, 623 F. Supp. 3d 441, 455 (D.N.J. 2022) ("To find federal question jurisdiction, the federal question must be raised in the complaint, as a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). Plaintiff's Complaint unambiguously pleads a federal statutory claim under the FMLA, appropriate for this Court's federal-question jurisdiction. See Aguilar-Vaz v. Lantern Hill Inc., 2024 U.S. Dist. LEXIS 78382, *6 (D.N.J. April 30, 2024) (denying motion to remand where plaintiff's complaint included count under "NJFLA/FMLA," as well as four state-law LAD claims). Accordingly, this Court should overrule Plaintiff's objections and adopt the R&R's recommendations. See Alston v. Pittsburgh Reg'l Transit, 2025 LEXIS 34190, at *2 (W.D. Pa., May 7, 2025) (declining *de novo* review due to plaintiff's improper objections and adopting R&R in favor of defendant after plain-error review).

## POINT II

## THE COURT SHOULD GRANT DEFENDANTS' MOTION TO COMPEL ARBITRATION AND REQUEST FOR ATTORNEY'S FEES.[1]

New Jersey law requires courts to resolve any doubts regarding the scope of arbitrable claims in favor of arbitration. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); EPIX Holdings Corp. v. Marsh & McLennan Cos., Inc., 410 N.J. Super. 453,

[1] [1] Plaintiff's Objection baselessly asserts that Judge Allen's R&R "implicitly permitted Defendants' pending Motion to Compel Arbitration and Dismiss to proceed unopposed." The R&R makes no mention of Defendants' Motion, and, to Defendants' knowledge, this Court has not permitted Plaintiff to file a belated opposition to that Motion as part of her Objections to the R&R.

471 (App. Div. 2009). As set forth in Defendants' moving brief, the strong public policy favoring arbitration is codified in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. Section 2 of the FAA states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 US.C. § 2.

In enacting Section 2 of the FAA, "Congress ... withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). As such, the FAA preemption applies here, and there is no need for the Superior Court of New Jersey to address this "sensitive issue" as Plaintiff suggests.

The parties' Arbitration Agreement represents a valid and enforceable agreement. Plaintiff does not dispute that on or around November 2023, the Agreement was pushed to Plaintiff's unique Workday account for her review and signature as a Workday "task." (Donovan Decl., ¶ 9). On or about November 3, 2023, Plaintiff accessed her individual Workday account, reviewed the Agreement, and agreed to its terms by applying her electronic signature to the document (Id.,¶ 12). Plaintiff then clicked "Submit" to complete the Workday task and memorialize her consent to the Agreement (Id. at ¶ 27-28).

The terms of the Agreement clearly stated that the parties were giving up the right to litigate any employment-related claims in court and instead agreed to arbitrate those claims before

a JAMS arbitrator. "In that regard, the Arbitration Agreement expressly stated that it covered discrimination claims, including statutory claims." Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 562-563 (App. Div. 2022). Plaintiff expressly acknowledged her agreement and intent to be bound. "By its very nature, an agreement to arbitrate involves a waiver of a party's right to have her claims and defenses litigated in court." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442, 99 A.3d 306, 313 (2014). "Arbitration clauses … will pass muster when phrased in plain language that is understandable to the reasonable consumer." Id. at 444. Directly above her signature, the Agreement states, simply and in bold, capital letters:

> **BY SIGNING BELOW OR ELECTRONICALLY, I, THE EMPLOYEE, KNOWINGLY AND FREELY AGREE TO THIS MUTUAL AGREEMENT TO ARBITRATE ANY CLAIMS BETWEEN ME AND THE COMPANY THAT OTHERWISE COULD HAVE BEEN BROUGHT IN COURT AND/OR BEFORE A JURY. I AFFIRM THAT I HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT AND THAT I HAVE BEEN ADVISED OF MY RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING.**

(Arbitration Agreement, p. 6).

Under the parties' Arbitration Agreement, Defendants are entitled to an award of their attorney's fees and costs incurred in having to bring the Motion to Compel Arbitration and Dismiss this Action. Indeed, by not challenging, in her opposition, Defendants' request for attorney's fees, Plaintiff effectively concedes that Defendants' request for those fees and costs is appropriate under the parties' Arbitration Agreement. Accordingly, Defendants' request for their attorneys' fees and costs should be granted as unopposed. With the Court's permission, Defendants will submit an affidavit of services detailing Defendants' attorneys' fees and costs incurred in bringing their Motion to Compel Arbitration and Dismiss this Action.

JacksonLewis



## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court overrule Plaintiff's Objections to U.S. Magistrate Judge Allen's R&R and retain jurisdiction until such time that the Court grants Defendants' Motion to Compel Arbitration and Dismiss this Action.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
Attorneys for Defendants

By: [signature]
John K. Bennett, Esq.
Opeyemi D. Akinde, Esq.

cc: All counsel of record (via ECF)

4897-3101-0160, v. 1