**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHIVONNE FORDE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FLOOR & DECOR OUTLETS OF AMERICA, INC., et al.<br><br>　　　　　　Defendants. | Civil Action No.: 25-13757<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiff Shivonne Forde's ("Plaintiff") motion to remand this case to state court (ECF No. 6), a motion to compel arbitration and dismiss Plaintiff's complaint filed by defendants Floor & Décor Outlets of America, Inc., Tony Manto, Ira Yellin, Christa Carlucci, and Ryan Wash ("Defendants") (ECF No. 7), and Magistrate Judge Jessica S. Allen's report and recommendation addressing Plaintiff's motion to remand (ECF No. 11, "R&R"). The Court decides these matters without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court adopts the R&R and denies Plaintiff's motion to remand. Furthermore, Defendants' motion to compel arbitration is administratively terminated pending the filing of an amended complaint.

On May 21, 2025, Plaintiff filed a complaint against Defendants in New Jersey Superior Court, alleging various employment-related claims under the New Jersey Law Against Discrimination ("NJLAD"), New Jersey Conscientious Employee Protection Act ("NJCEPA"), Family Medical Leave Act ("FMLA"), and New Jersey Family Leave Act ("NJFLA"). *See* ECF No. 1. On July 25, 2025, Defendants removed the case to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the FMLA claim and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remaining state law claims. *See id.*

On July 30, 2025, Plaintiff filed the instant motion to remand, contending that her complaint raises claims under state law only. ECF No. 6-1 at 1. Magistrate Judge Allen issued an R&R which denied Plaintiff's motion to remand, finding that Plaintiff's complaint "explicitly alleges that 'Defendants' conduct violated the federal Family Medical Leave Act." R&R at 5 (citing Compl. ¶ 30). Plaintiff filed an objection to the R&R, claiming that "any reference to the FMLA was descriptive rather than jurisdictional." ECF No. 14 at 5.

When a party objects to a magistrate judge's report and recommendation, the district court is required to "make a de novo determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(3).

Magistrate Judge Allen correctly observed that the complaint expressly asserts a federal claim under the FMLA, and therefore provides a basis for federal jurisdiction. Plaintiff's motion to remand is thus deficient. Accordingly, the Court will adopt the R&R and deny Plaintiff's motion to remand. However, Plaintiff's submissions make clear that she does not intend to pursue her FMLA claim, notwithstanding the allegations set forth in the complaint. In the interests of justice and judicial economy, the Court will permit Plaintiff to amend her complaint to clarify whether she intends to assert any federal claims. Following the filing of an amended complaint, Plaintiff may file an amended motion to remand if appropriate in light of the amended pleading. The Court will reserve its decision on Defendant's motion to compel arbitration and dismiss Plaintiff's complaint until such filing.

**Accordingly**, IT IS on this 27th day of February, 2026;

2

**ORDERED** that the R&R (ECF No. 11) is hereby **ADOPTED** and Plaintiff's motion to remand (ECF No. 6) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff shall file an amended complaint on or before March 26, 2026, which clarifies which claims she seeks to pursue.  Plaintiff may then, if appropriate, file a revised motion to remand.  Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that Defendants' motion to compel arbitration and dismiss Plaintiff's complaint (ECF No. 7) is **ADMINISTRATIVELY TERMINATED** pending submission of Plaintiff's amended complaint.  If Plaintiff fails to timely file an amended complaint, Defendants' motion shall be reinstated.

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**

3